```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LIBERTY MUTUAL FIRE INSURANCE                      Civil Action No.:
COMPANY,

                            Plaintiff,

        -against-                                  COMPLAINT

ATLANTIC CASUALTY INSURANCE
COMPANY and ILLINOIS NATIONAL
INSURANCE CO.,

                            Defendants.
------------------------------------------------------------x
```

08 CIV 4956

MADAM/SIRS:

Plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its Complaint against defendants ATLANTIC CASUALTY INSURANCE COMPANY ("Atlantic") and ILLINOIS NATIONAL INSURANCE CO. ("Illinois National"), alleges as follows:

### JURISDICTION AND VENUE

1. At all times hereinafter mentioned, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston Massachusetts.

2. At all times hereinafter mentioned, Liberty Mutual was, and still is, an insurance company duly authorized to conduct business within the State of New York.

3. Upon information and belief, at all times hereinafter mentioned, Atlantic was, and still is, a stock insurance company organized under the laws of the State

1

of North Carolina, with its principal place of business located at 400 Commerce Court, Goldsboro, North Carolina.

4. Upon information and belief, at all times hereinafter mentioned, Atlantic was not licensed to engage in the insurance business in the State of New York.

5. Upon information and belief, at all times hereinafter mentioned, Illinois National was, and still is, a stock insurance company organized under the laws of the state of Illinois with its principal place of business located at 70 Pine, Street, New York, New York.

6. Upon information and belief, at all times hereinafter mentioned Illinois National was, and still is, an insurance company duly authorized to conduct business within the State of New York.

7. Venue is appropriate in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391.

## SUBSTANTIVE ALLEGATIONS

8. On or about August 25, 2005, TJC Development LLC ("TJC") entered into a written agreement with Sentinel Diversified Industries, Inc., ("Sentinel Diversified") and Sentinel Strategic Properties ("Sentinel Strategic") pursuant to which TJC agreed to provide construction services for the premises at 2043 Wellwood Avenue, East Farmingdale, New York (the "Premises").

2

9. Pursuant to the terms of the written agreement, TJC was to provide and pay for all labor, materials, equipment, tools, utilities, and services necessary for the proper execution and completion of the construction project.

10. Pursuant to the terms of the written agreement, TJC agreed to obtain liability insurance coverage for the benefit of Sentinel Diversified and Sentinel Strategic Properties.

11. On or about July 27, 2006, Luis Bolivar Montero ("Montero") and Nancy Chibraso commenced the action entitled <u>Luis Bolivar Montero and Nancy Chibraso v. Sentinel Diversified Industries, Inc. and Sentinel Strategic Properties, Inc.</u>, Index No. 16446/06, in the Supreme Court of the State of New York, County of Queens (the "Underlying Action").

12. In the Underlying Action, Montero alleges that Sentinel Strategic or Sentinel Diversified entered into an agreement with TJC for the performance of certain construction work at the Premises.

13. Montero further alleges that, on or about June 14, 2006, while in the employ of TJC, he was on a scaffolding performing exterior cement work at the Premises when he fell from the scaffold and sustained severe injuries.

14. Sentinel Strategic and Sentinel Diversified are defendants in the Underlying Action.

15. Upon information and belief, Montero seeks recovery of a sum greater than $75,000 from Sentinel Strategic and Sentinel Diversified in the Underlying Action.

16. Upon information and belief, TJC complied with its obligation under the written agreement to obtain insurance, in part, by obtaining from Atlantic a general liability policy (the "Atlantic Policy").

17. Upon information and belief, pursuant to the terms of the Atlantic Policy, including any endorsements thereto, Sentinel Diversified and Sentinel Industries are additional insureds for the claims alleged in the Underlying Action.

18. Upon information and belief, TJC complied with its obligation under the written agreement to obtain insurance, in part, by obtaining from Illinois National a Commercial Umbrella Liability policy (the "Illinois National Policy").

19. Upon information and belief, pursuant to the terms of the Illinois National Policy, including any endorsements thereto, Sentinel Diversified and Sentinel Industries are additional insureds for the claims alleged in the Underlying Action.

20. Upon information and belief, the Atlantic Policy contains an "Other Insurance" provision which provides that its insurance is primary for Sentinel Diversified and Sentinel Industries for the claims alleged in the Underlying Action.

21. Liberty Mutual issued policy no. YE2-581960589-146 to Sentinel Diversified Industries, Inc. as the first named insured for the policy period of April 6, 2006 to April 6, 2007 (the "Liberty Mutual Policy").

22. The Liberty Mutual Policy contains the following "Other Insurance" provision:

> 3. Other Insurance
>
> If this insurance and other insurance apply to a loss, we will not pay for any loss or damage until the liability of the other insurance has been exhausted. We will pay only the amount which exceeds the amount due from the other insurance, whether collectible or not.
>
> If this policy and other insurance both provide coverage on an excess basis, we will pay our portion of the loss, where our portion equals the amount of the insurance limit provided by this policy divided by the sum of the coverage limits provided by all applicable insurance policies.

24. By letter dated October 11, 2006, Liberty Mutual tendered Sentinel Diversified and Sentinel Industries defense and indemnity to TJC.

25. By letter dated November 13, 2006, Atlantic denied any duty to defend or indemnify Sentinel Diversified and Sentinel Strategic for the claims alleged in the Underlying Action under the Atlantic Policy.

26. In the letter dated November 13, 2006, Atlantic disclaimed coverage for the following reasons: 1) the Employers' Liability exclusion bars coverage; 2) late notice of occurrence and of claim; and 3) that there is no coverage for bodily injury arising out of breach of contractual liability and thus there is no coverage for damages arising from breach of contract for failure to add Sentinel Diversified and Sentinel Strategic as additional insureds to the policy.

5

27. By letter dated February 15, 2007, Illinois National disclaimed coverage for the following reasons: 1) the Employers' Liability exclusion bars coverage; and 2) the Illinois National Policy does not provide coverage for any obligation an insured may have any under workers' compensation or similar law.

28. As a result of the failure and refusal of Atlantic and Illinois National to provide a defense to Sentinel Diversified and Sentinel Strategic, pursuant to the terms of the Liberty Mutual Policy, Liberty Mutual has been required to drop down and assume the defense of Sentinel Diversified and Sentinel Strategic in the Underlying Action.

## AS AND FOR A FIRST CLAIM FOR RELIEF

29. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "28" of this Complaint as if more fully set forth herein.

30. Atlantic and Illinois National's disclaimer of coverage and/or refusal to provide a defense for Sentinel Diversified and Sentinel Strategic is improper, and Sentinel Diversified and Sentinel Strategic are entitled to a defense and indemnity for the Underlying Action as additional insureds under the Atlantic Policy and the Illinois National Policy.

31. Upon information and belief, the Atlantic Policy and the Illinois National Policy each provide for liability insurance coverage to Sentinel Diversified and Sentinel Strategic that is primary to the liability insurance coverage afforded by the Liberty Mutual Policy.

32. Liberty Mutual seeks a determination of its rights with regard to the Atlantic Policy, the Illinois National Policy or any other policy issued by Atlantic or Illinois National pursuant to which Sentinel Diversified and Sentinel Strategic are entitled to coverage, including a declaratory judgment that Atlantic and Illinois National are required to defend and indemnify Sentinel Diversified and Sentinel Strategic for the Underlying Action, and that Liberty Mutual's coverage is excess over the coverage afforded by Atlantic and Illinois National.

33. Liberty Mutual has no adequate remedy at law.

### AS AND FOR A SECOND CLAIM FOR RELIEF

34. Liberty Mutual repeats, realleges, and reiterates each and every allegation contained in paragraphs "1" though "33" of this Complaint as if more fully set forth herein.

35. As a result of Atlantic and Illinois National's failure to acknowledge their duty to defend Acquisition for the Underlying Action, Liberty Mutual has been required to provide a defense to Sentinel Diversified and Sentinel Strategic for the Underlying Action.

36. As a result of Atlantic and Illinois National's failure to acknowledge their primary duty to defend Sentinel Diversified and Sentinel Strategic for the Underlying Action, Liberty Mutual has incurred substantial attorneys' fees and other costs.

37. Atlantic and Illinois National fail and refuse to acknowledge their coverage obligations and to reimburse Liberty Mutual for costs incurred to defend Sentinel Diversified and Sentinel Strategic in the Underlying Action.

38. As a result of the foregoing, Liberty Mutual is entitled to a money judgment against Illinois National and Atlantic in an amount equal to what it has incurred and will incur to defend Sentinel Diversified and Sentinel Strategic in the Underlying Action in an amount to be determined by the Court.

**WHEREFORE**, plaintiff LIBERTY MUTUAL FIRE INSURANCE COMPANY demands judgment as follows:

1. On the first cause of action, a declaratory judgment determining the respective rights and obligations of Liberty Mutual, Atlantic and Illinois National with respect to their liability insurance coverage obligations for Sentinel Diversified and Sentinel Strategic, including a declaratory judgment that Atlantic and Illinois National, or either one of them, are required to defend and indemnify Sentinel Diversified and Sentinel Strategic for the Underlying Action, and that such coverage would apply on a primary basis before coverage under the Liberty Mutual Policy, if any, applies to Sentinel Diversified and Sentinel Strategic;

2. On the second cause of action, awarding Liberty Mutual a money judgment against Atlantic and Illinois National, jointly and severally, in an amount to be determined by the Court; and

3. Granting Liberty Mutual recovery of the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 22, 2008

Yours, etc.,

JAFFE & ASHER LLP

By: *Nancy I. Margolin* (signature)
Marshall T. Potashner, Esq. (MTP-3552)
Mpotashner@JaffeandAsher.com
Nancy I. Margolin, Esq. (NM-2013)
NMargolin@JaffeandAsher.com
Attorneys for Plaintiff
LIBERTY MUTUAL FIRE INSURANCE COMPANY
600 Third Avenue, 9TH Floor
New York, New York 10016
(212) 687-3000